17-1957-cv
*Yamashita v. Scholastic Inc.*

# United States Court of Appeals
## FOR THE SECOND CIRCUIT

———————

August Term, 2017

(Argued:  February 2, 2018      Decided:  August 28, 2019)

Docket No. 17-1957-cv

———————

MICHAEL YAMASHITA, MICHAEL YAMASHITA, INC.,

*Plaintiffs-Appellants,*

–v.–

SCHOLASTIC INC.,

*Defendant-Appellee.*[*]

———————

B e f o r e :

POOLER, SACK, and CARNEY, *Circuit Judges.*

———————

Plaintiffs-Appellants Michael Yamashita, a professional photographer and sole owner of Michael Yamashita, Inc., and Michael Yamashita, Inc. (collectively, "Yamashita"), appeal from a judgment entered in the United States District Court for the Southern District of New York (Forrest, *J.*) in favor of Defendant-Appellee Scholastic Inc., a textbook publisher, finding Yamashita's statement of claims for copyright infringement insufficient under Fed. R. Civ. P. 12(b)(6). Yamashita argues that the District Court erred in: (1) dismissing his one-count Complaint for infringement, which

———————

[*] The Clerk of Court is directed to amend the docket caption to conform to the above.

alleged that Scholastic exceeded the limitations of the licenses that it purchased for Yamashita's photographs from Corbis Corporation, a stock photography agency; (2) ruling that Yamashita's proposed amendments did not cure the Complaint's defects and therefore denying leave to amend as futile; and (3) denying Yamashita leave to add to his Complaint four new, common-law claims. We address Yamashita's first two arguments in this Opinion, and the third in an accompanying summary order. We AFFIRM the District Court's judgment.

AFFIRMED.

––––––––––––––

MAURICE HARMON (Christopher Seidman, Gregory N. Albright, *on the brief*), Harmon Seidman Bruss & Kerr, LLC, Grand Junction, CO, *for Plaintiffs-Appellants Michael Yamashita and Michael Yamashita, Inc.*

EDWARD H. ROSENTHAL (Craig B. Whitney, *on the brief*), Frankfurt Kurnit Klein & Selz, P.C., New York, NY, *for Defendant-Appellee Scholastic Inc.*

––––––––––––––

PER CURIAM:

Plaintiffs-Appellants Michael Yamashita, a professional photographer and sole owner of Michael Yamashita, Inc., and Michael Yamashita, Inc. (collectively, "Yamashita"[1]), appeal from a judgment entered in the United States District Court for

––––––––––––––

[1] Although some of the transactions we describe took place in the context of Michael Yamashita's corporation as well as or in place of him personally, for ease of reading we refer to both the individual and his corporation throughout this Opinion using the personal pronouns "he," "his," and "him." We note any difference where required.

2

the Southern District of New York (Forrest, *J.*) in favor of Defendant-Appellee Scholastic Inc. ("Scholastic"), an international publisher of children's books and textbooks. In 2016, Yamashita sued Scholastic for copyright infringement, claiming that Scholastic exceeded the use limits set in the licenses to Yamashita's works that Scholastic purchased from Corbis Corporation ("Corbis"), a stock photography agency that Yamashita had authorized to license his works. The Complaint did not specify the use limits imposed by the Corbis license nor did it allege how Scholastic breached those limits. The District Court dismissed the Complaint for failure to state a claim and denied leave to amend on futility grounds.

On appeal, Yamashita argues primarily that the District Court erred by: (1) finding the Complaint insufficient; (2) ruling that his Proposed Amended Complaint did not cure the defects in the Complaint that the Court identified; and (3) denying him leave to plead four new, common-law claims. We address the first two of these arguments in this Opinion, and the third in an accompanying summary order.

For the reasons set forth below, we AFFIRM the District Court's judgment.

## BACKGROUND[2]

Michael Yamashita is a professional photographer and the sole owner of Michael Yamashita, Inc. In an agreement entered into sometime before 2000, Yamashita authorized Corbis, a stock photography agency, to grant limited licenses for use of

---

[2] As we must on reviewing a Rule 12(b)(6) dismissal, we accept as true the facts as stated in the Complaint and the Proposed Amended Complaint. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230 (2d Cir. 2016).

Yamashita's photographs to interested publishers. Corbis, acting under its own agreements with Scholastic (the world's largest publisher and distributor of children's books), granted such licenses to Scholastic. Corbis is not a party to this suit.

**1.      Original Complaint and transfer to the Southern District of New York**

In June 2016, Yamashita sued Scholastic in the United States District Court for the District of New Jersey, alleging that the publisher infringed his copyright in 82 photographs by exceeding the terms of the corresponding limited licenses purchased through Corbis. Yamashita listed the photographs that were the subject of the suit (the "Photographs") and some related information in a spreadsheet attached as Exhibit 1 to his Complaint.[3]

Exhibit 1 displayed the following information for each Photograph: (a) a "thumbnail" copy of the image; (b) an "Image ID" number; (c) a brief description of the image;[4] (d) the image's copyright registration number and registration date; (e) the number and date of the invoice that Corbis issued to Scholastic capturing the related license; and (f) the imprint within Scholastic for which the publisher had purchased the related license. In addition, the Exhibit 1 spreadsheet included a column labelled

---

[3] The spreadsheet contains 119 rows, each corresponding to an invoice issued by Corbis to Scholastic. Several rows appear to reference one and the same photograph, *compare* J.A. at 17 (Row 1), *with id.* (Row 3), but in general, each row appears to be assigned to a single image.

[4] *E.g.*, J.A. at 17 (Row 1: "Lobby at the Guggenheim Museum"); *id.* (Row 2: "Beekeeper at Work"); *id.* (Row 5: "Kendo Students at Practice").

"Publication" and another column labelled "License Limits." With two exceptions,[5] the columns provided for "Publication" and "License Limits" contained no data.

In his Complaint, Yamashita alleged "[u]pon information and belief" that "the licenses granted Scholastic were expressly limited by number of copies, distribution area, language, duration, and/or media." J.A. at 12, ¶ 11. Scholastic "exceeded the licenses" that it purchased, Yamashita alleged, and "infringed Yamashita's copyrights in the Photographs in various ways," including (in Yamashita's words) by:

> a. printing more copies of the Photographs than authorized;
>
> b. distributing publications containing the Photographs outside the authorized distribution area;
>
> c. publishing the Photographs in electronic, ancillary, or derivative publications without permission;
>
> d. publishing the Photographs in international editions and foreign publications without permission; and/or
>
> e. publishing the Photographs beyond the specified time limits.

*Id.* ¶ 13. According to Yamashita, "at the time Scholastic represented to Corbis that it needed specified, limited licenses to use the Photographs in particular publications, Scholastic often knew its actual uses would exceed the rights it was requesting and paying for." *Id.* ¶ 12. Yamashita asserted that "Scholastic alone knows of [its] wholly unauthorized uses," and that Scholastic did "not share[] this knowledge with Yamashita." *Id.* at 13, ¶¶ 14–15. The Complaint also identified eight other lawsuits in

---

[5] Rows 16 and 80—both citing licenses for a photograph of "Astronaut Ellison Onizuka"—identify the publication in which the photograph appears ("SSS Hawaii" and "Hawaii (SSS)(PBK)") as well as the applicable license limits (20,000 and 25,000, respectively).

which Scholastic in recent years "has been sued for copyright infringement in furtherance of its under-licensing practices." *Id.* ¶ 16. As a remedy, Yamashita sought both injunctive relief and damages.

Scholastic moved to dismiss the Complaint under Federal Rule of Civil Procedure Rule 12(b)(6) or, in the alternative, to transfer venue to the Southern District of New York. Yamashita opposed both. The United States District Court for the District of New Jersey (Chesler, *J.*) granted the motion to transfer, concluding that, *inter alia*, the suit fell within a valid forum selection clause contained in certain Preferred Vendor Agreements ("PVAs") between Corbis and Scholastic that governed their licensing relationship. It also ruled that Yamashita was bound by the PVAs' forum selection clause—which designated the Southern District of New York for dispute resolution—because Corbis acted as Yamashita's agent when it entered into the PVAs. *See Yamashita v. Scholastic Inc.*, No. 16-cv-3839 (SRC), 2016 WL 6897781, at *2–3 (D.N.J. Nov. 21, 2016). Having decided to transfer the case, the court declined to rule on the merits of the motion to dismiss. *See id.* at *1.

### 2.    The motion to dismiss

In the Southern District of New York, Scholastic renewed its motion and the court dismissed the case. *See generally Yamashita v. Scholastic, Inc.*, No. 16-cv-9201 (KBF), 2017 WL 74738 (S.D.N.Y. Jan. 5, 2017) (Forrest, *J.*). Invoking the copyright infringement standard set forth in *Kelly v. L.L. Cool J*, 145 F.R.D. 32 (S.D.N.Y. 1992), *aff'd* 23 F.3d 398 (2d Cir. 1994) (Table), the District Court ruled that the Complaint "[did] not plead sufficient facts to support its claims beyond mere speculation," and thus that the pleading both ran afoul of Federal Rule of Civil Procedure 8 and failed to satisfy the

6

plausibility standards for pleading established in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *Yamashita*, 2017 WL 74738, at *1–2.

In particular, the court faulted Yamashita's Complaint for its "speculat[ion] about 'various ways' defendant[] might have infringed" his copyrights and its failure to "name a single instance of infringement or [to] allege facts to establish a timeframe for when such an infringement might have occurred." *Id.* at *1 (quoting J.A. at 12, Compl. ¶ 13). In the District Court's view, the Complaint did not "give the defendant fair notice of what the claim is and the grounds upon which it rests," *id.* (alteration omitted) (quoting *Twombly*, 550 U.S. at 555). The court further found the Complaint inadequate because it "contain[ed] so few factual allegations it is nothing more than a fishing expedition," *id.* at *2. The court therefore granted Scholastic's motion to dismiss and did so with prejudice.

3.      **Proposed Amended Complaint and ruling on motion for reconsideration**

On Yamashita's subsequent motions, the court denied both reconsideration and leave to file a Proposed Amended Complaint ("PAC"), ruling that the PAC failed to cure the original Complaint's deficiencies. Indeed, the PAC was largely identical to the Complaint, providing the same information about the parties, jurisdiction, and venue, and the same allegations charging "Copyright infringement against Scholastic." The PAC contained several additions and modifications to the Complaint's statement of the copyright infringement claim, however. Yamashita attached to the PAC copies of three images of his Photographs as they appeared in Scholastic publications. *See* J.A. at 310, ¶ 15 (Exhibits 2 through 4). With respect to one specific image, identified in Row 80 of Exhibit 1, the PAC included additional information about Scholastic's use of the image

7

in one of its publications. Yamashita contends that the three new exhibits to the PAC, Exhibits 2 through 4, established Scholastic's use of the relevant image after the expiration of the relevant license. *See id.* at 310–11, ¶ 16. And, unlike the original Complaint, the PAC also asserted four common-law causes of action: "Breach of contract/specific performance"; "Bailment/breach of duties of bailee"; "Conversion"; and "Accounting." *Id.* at 312–18, ¶¶ 25–65.

In the PAC, Yamashita casts Scholastic's alleged infringement as a "'commit-the-perfect-crime' approach'" to copyright infringement. J.A. at 308, ¶ 2. Thus, he alleged that Scholastic: "obtains access to a professional photographer's high-resolution photographs in connection with licenses"; "secures licenses with unrealistically low limits because that costs Scholastic less"; "use[s] the photographs beyond the limits of the licenses"; "is able to conceal its infringements because the licensor does not know if and when Scholastic exceeds any particular license's limits"; "refuses to disclose information about its usages of the photographs—information that is uniquely within Scholastic's control"; and "argues in court that infringements claims pleaded 'upon information and belief' . . . must be dismissed because details known only to Scholastic are not included in the complaint." J.A. at 308, ¶ 2. The Complaint, too, contained these allegations but presented them less emphatically as providing Yamashita's justification for the lack of particularity in pleading the alleged breaches. *Compare id.*, *with id.* at 12–13, ¶¶ 12–15.

The District Court rejected Yamashita's post-dismissal motions in a brief hand-written order. In addition to denying reconsideration, the court rejected Yamashita's request to amend his copyright infringement claim (except as to the Row-80 image),

8

ruling that amendment would be futile because "plaintiff has shown not a single fact supportive of an infringement claim with regard to any of those images." SPA at 4. The court also denied Yamashita leave to add the proposed common-law claims to his Complaint, reasoning that each "depend[s] on a series of generic PVAs to which plaintiff is not a party," and that "[t]o bring such claims might well require joinder of Corb[i]s." *Id.* The court further wrote that "[i]t [was] also unclear and not ple[]d that Scholastic has breached its obligations to *Corb[i]s*." *Id.* Accordingly, the court ordered Yamashita to file a revised amended complaint that would contain only Yamashita's claim relating to the Row-80 image.

Yamashita did as ordered; Scholastic answered; and the parties then stipulated to a Rule 41 dismissal with prejudice of the Row-80 infringement claim, whereupon the court then entered judgment dismissing the case as to the Row-80 infringement claim and otherwise in favor of Scholastic.

Yamashita timely appealed.

## DISCUSSION

Broadly speaking, Yamashita asserts that the District Court erred in three ways. First, he argues that the Complaint as pleaded sufficed to state a claim for copyright infringement. Second, he contends that the court erred in denying him leave to file the PAC and to amend his infringement claim as to all but the Row-80 image. Third, he maintains that the court abused its discretion in denying him leave to plead the four additional, common-law claims.

9

We focus here on the adequacy of Yamashita's copyright infringement pleadings and address the court's denial of leave to add the proposed common-law claims in a related summary order issued concurrently with this Opinion.

## 1.    The sufficiency of the Complaint's copyright infringement pleading

Yamashita's one-count Complaint alleged 119 instances of copyright infringement. Because the court dismissed the Complaint under Federal Rule of Civil Procedure 12(b)(6), our review is *de novo*, "accepting all of the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiffs' favor." *Giunta v. Dingman*, 893 F.3d 73, 78–79 (2d Cir. 2018).

In addition to the factual allegations contained in Yamashita's Complaint, we may consider documents—such as Exhibit 1—that he attaches to and relies on in the Complaint. *See Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230-31 (2d Cir. 2016). To survive a Rule 12(b)(6) challenge, "the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'" *Nielsen v. AECOM Tech. Corp.*, 762 F.3d 214, 218 (2d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). When the well-pleaded facts "do not permit the court to infer more than the mere possibility of misconduct," the court must grant a motion to dismiss. *Iqbal*, 556 U.S. at 679; *see also id.* at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (internal quotation marks omitted)).

The parties have framed their dispute about the Complaint's sufficiency around the question whether the District Court erred by adopting the following four-part definition of an adequate copyright infringement claim, provided by the only copyright case cited in its merits order: "1) which specific original works are the subject of the copyright claim, 2) that plaintiff owns the copyrights in those works, 3) that the copyrights have been registered in accordance with the statute, and 4) by what acts during what time the defendant infringed the copyright." *Kelly*, 145 F.R.D. at 36. Pointing to Supreme Court precedent identifying only two elements of copyright-infringement—"(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original," *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991), Yamashita urges that his Complaint was sufficient notwithstanding its failure to provide details as to other elements.

We think that, under our Circuit's governing law, the correct disposition here turns not on whether there are two or four elements of a generic copyright infringement claim, but instead on the implications of the fact, acknowledged in Yamashita's Complaint, that Scholastic procured licenses to copy the Photographs. Whether Yamashita's Complaint was sufficient to withstand Scholastic's motion is determined by our answer to the question whether, in pleading copyright infringement, a plaintiff who has authorized the licensed use of its work to the alleged infringer must allege with specificity facts concerning the limits and asserted breaches of the licenses by the alleged infringer.

We have recognized previously that authorization to copy copyrighted material—*i.e.*, through possession of an applicable license—is generally viewed as an

11

affirmative defense to a claim of copyright infringement, and is a defense that the alleged infringer must plead and prove. *See Bourne v. Walt Disney Co.*, 68 F.3d 621, 630–31 (2d Cir. 1995) (noting that the possession of a license by the alleged infringer is an affirmative defense); *see also Spinelli v. Nat'l Football League*, 903 F.3d 185, 199 (2d Cir. 2018) (observing that, where plaintiffs allege that defendants used copyrighted photographs without license to do so, the defendant bears the burden of proving the existence of the license); Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any. . . affirmative defense, including: . . . license . . . ."). In *Bourne*, we thus emphasized that "in cases where only the scope of the licenses is at issue, the copyright owner bears the burden of proving that the defendant's copying was unauthorized." 68 F.3d at 631. *See also Graham v. James*, 144 F.3d 229, 236 (2d Cir. 1998) (holding that when "the contested issue is the *scope* of a license, rather than the *existence* of one, the copyright owner bears the burden of proving that the defendant's copying was unauthorized under the license."). This rule carries intuitive appeal because "[c]opyright disputes involving only the scope of the alleged infringer's license present the court with a question that essentially is one of contract: whether the parties' license agreement encompasses the defendant's activities." *Bourne*, 68 F.3d at 631.

Applying these principles in the context of initial pleadings, when the *existence* of a license is not in question, a copyright holder must plausibly allege that the defendant exceeded particular terms of the license. Although Yamashita stands in this suit not as a party to the contract that set the limits now allegedly breached, and more as a beneficiary of that contract, the Corbis-Scholastic license still sets the terms that provide the foundation for Yamashita's Complaint.

12

Scholastic's purchase of licenses for each of the Photographs is undisputed, as we have said, so Scholastic was entitled to *some* copying. Rather, the gravamen of Yamashita's copyright-infringement claim as originally pleaded is that Scholastic (1) "represented to Corbis that it needed specified, limited licenses to use the Photographs in particular publications," and then (2) "*exceeded the licenses* and infringed Yamashita's copyrights in the Photographs." J.A. at 12, ¶¶ 12, 13 (emphasis added). The Complaint alleges that it did so by using them in greater numbers than it had a right to, possibly in publications distributed outside the geographic boundaries of the license, and possibly after expiration of the licenses, among other ways. J.A. at 12, ¶ 13.

But the Complaint failed to identify *any* specific license limitations as having been breached for any specific Photograph, except the Row-80 image, as to which the claim was settled and dismissed with prejudice,[6] and possibly, as noted, the Row-16 image.[7] Instead, it offers a laundry list of license limitations that *might* have been imposed and that *might* have been violated as to the numerous Photographs. Each of the "various ways" in which Scholastic allegedly "infringed Yamashita's copyrights" would give rise to an actionable claim for a given Photograph, however, only if paired with a license limitation that was included in the license covering that Photograph. J.A. at 12, ¶ 13. Absent at least a modicum of such additional factual allegations,

[6] Yamashita alleged that, although Scholastic's license for the Row-80 image expired on February 23, 2013, it continued to use the image thereafter. J.A. at 310–11, ¶ 16.

[7] As a marginal adjustment, we note that, as the table does for the image listed in Row 80, Row 16 displays numerical license limits. Yamashita does not offer any specific argument that the District Court erred in dismissing the claim related to the Row-16 image, however. Accordingly, we treat as forfeited any such argument.

Yamashita's Complaint is fairly characterized as no more than a collection of speculative claims based on suspicion alone. Such a complaint for infringement neither complies with Rule 8 nor states a plausible claim for relief. Accordingly, we are compelled to agree with the District Court that the Complaint does not survive Scholastic's motion to dismiss. *See Iqbal*, 556 U.S. at 678–79.

Resisting this conclusion, Yamashita points to district court decisions denying motions to dismiss in cases that are, Yamashita asserts, "just like this one." Appellants' Br. at 33, 49; *see also* Appellants' Rule 28(j) Letter, Doc. No. 61 (Feb. 5, 2018). The complaints he cites, however, contained at least some more detailed factual allegations, or attached additional documents supporting the infringement claims, making them less entirely speculative than Yamashita's, in our view. *See, e.g.*, *Lefkowitz v. McGraw-Hill*, 23 F. Supp. 3d 344, 348-49 (S.D.N.Y. 2014) (noting that plaintiff identified a number of license limits that the defendant allegedly exceeded); *Frerck v. Pearson Educ., Inc.*, No. 11-cv-5319, 2012 WL 1280771, at *1 (N.D. Ill. Apr. 16, 2012) (describing plaintiff's allegations that he directly licensed photographs to defendant publisher and that, for some photographs, defendant used them without any license). We express no opinion as to whether those cases were correctly decided. We decide only that the speculative, indefinite allegations made in this case as to all photographs but that identified in Row 80 were insufficient to state a claim in light of Circuit precedent requiring a plaintiff to allege infringement with some specificity when the defendant's possession of a license is undisputed.

We are similarly unpersuaded by Yamashita's argument that to require that copyright plaintiffs allege in detail the operative license limitations conflicts with our

decision in *Arista Records, LLC v. Doe 3*, 604 F.3d 110 (2d Cir. 2010). In *Arista*, as Yamashita observes, we rejected the proposition that *Twombly* "imposed a heightened standard that requires a complaint to include specific evidence, factual allegations in addition to those required by Rule 8, and declarations from the persons who collected the evidence." *Id.* at 119. But Yamashita misapprehends the import of *Arista* for his case: we do not fault him for failing to provide detailed *documentation* for each alleged instance of infringement, but rather for his failure to allege even the applicable limitations in Scholastic's individual licenses so that it (and the court) can understand how Scholastic is alleged to have exceeded those licenses.

Moreover, his Complaint is qualitatively different in two ways from that of the copyright holder in *Arista*: first, the latter's allegations were more specific as to the nature of the allegedly infringing acts, enabling the defendant to respond; and second, the *Arista* court and the plaintiff were faced with an unidentified *infringer*, not just unidentified infringing uses. *Id.* at 121. Here, by contrast, Yamashita names Scholastic and admits, as it must, that the publisher was licensed to use the Photographs. Its Complaint offers little else other than a list of the Photographs at issue and a conclusory charge that the licenses were exceeded. To require more flesh on the bones of an infringement complaint against a license user aligns both with our decision in *Bourne* and the strictures of Rule 8.

We take this position with some sympathy, still, for Yamashita. It appears that he has no access, through his agent Corbis or otherwise, to information confirming or rebutting the extent of Scholastic's use of the images. Yet he feels there are grounds for believing that Scholastic has made unpermitted uses of at least some of his

15

Photographs. His predicament underscores the precarious position that freelance commercial photographers occupy vis-à-vis their agents and publishers. There may be few ways to hold large publishers that operate internationally accountable for their usage of licensed copyrighted works. For this reason, Yamashita has launched what the District Court termed a "fishing expedition," "trawling" for infringement, trying to place on Scholastic directly the burden of reporting and justifying its uses, and omitting Corbis from the picture. *Yamashita*, 2017 WL 747738, at *2. But to sustain such a complaint that alleges nothing but suspicions of infringement where a license has been granted is to invite transformation of the courts into an audit bureau for copyright licensing, an administrative function that we are hardly designed to serve.

Yamashita is correct that Scholastic should be able to detail its uses of his images and to pair those uses with the license limits that were imposed between it and Corbis, demonstrating either its compliance or exposing its noncompliance with the applicable licenses. But Yamashita does not explain why he is unaware of or cannot access the terms of the licenses executed by Corbis on his behalf. That, at least, would give him the first part of his infringement case: what limits on use were imposed as to each image. It would still put him to the burden of finding instances of actual infringement on which he could build a case against Scholastic, for even with the actual limits known, mere suspicion of overuse is not enough under *Bourne* to sustain a complaint, or to avoid the audit bureau scenario described above.

And so, ultimately, we cannot accept Yamashita's argument that we should casually deem his entirely generic allegations of breach, pleaded "upon information and belief," sufficient simply because the facts regarding Scholastic's actual use of the

licensed material are "peculiarly within [Scholastic's] possession and control." Appellants' Br. at 31. He must marshal more than unsubstantiated suspicions to gain entitlement to broad-ranging discovery of his agent's licensee.

We acknowledge that in a similar suit brought by photographers against a publisher, the Third Circuit has recently expressed disagreement with this approach, albeit in a procedural context quite different from that before us. It declined to adopt the pleading rule we enunciated in *Bourne*, explaining that "[t]he licenses obtained by [the publisher] were not granted by the photographers directly . . . [a]nd the royalty statements . . . lacked specific detail as to the scope of each license. . . [I]t [therefore] stands to reason that the photographers may not be aware of each license issued, or the scope of each license. Because they were not themselves directly privy to those licenses, we cannot expect them to plead unauthorized use as part of a *prima facie* case." *In re McGraw-Hill Global Ed. Holdings LLC*, 909 F.3d 48, 66 (3d Cir. 2018) (citing *Muhammad-Ali v. Final Call, Inc.*, 832 F.3d 760-61) (7th Cir. 2016)).

But this panel is not at liberty to relax the pleading requirements as we have previously applied them. The gravamen of the Complaint is that Scholastic violated Yamashita's copyright by exceeding the use limits provided in the Corbis-Scholastic agreement. For the reasons set forth above, Yamashita's generic Complaint specifying neither limits set nor limits breached does not state a claim under Fed. R. Civ. P. 12(b)(6) and is insufficient under Rule 8 as it does not (in the language of Rule 8) "show[] that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

### 2. Proposed Amended Complaint

As noted above, the District Court denied leave to amend the Complaint with regard to Yamashita's copyright claim—except insofar as it related to the Row-80 image—because the proposed amendment would not cure the Complaint's defects and amendment was futile.

Ordinarily, we review a district court's denial of leave to amend for abuse of discretion. *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224 (2d Cir. 2017). When, however, the court denies leave to amend "based on an interpretation of law, such as futility, . . . we review the legal conclusion *de novo*." *Id.* (quoting *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)). Because Yamashita offered his proposed amendments in an attempt to cure deficiencies that led to a Rule 12(b)(6) dismissal, we "consider the proposed amendments along with the remainder of the complaint, accepting as true all non-conclusory factual allegations therein, and drawing all reasonable inferences in the plaintiff's favor." *Id.* at 225 (citation, internal quotation marks, and alterations omitted).

For the reasons described in Section 1, we need not linger long on Yamashita's suggestion that the PAC cured the defects in his copyright claim. First, the proposed additions reflected in the PAC primarily relate to the Row-80 image, for which the District Court *permitted* amendment. The PAC's attachments as Exhibits 3 and 4 of copies of Scholastic publications containing two other images (appearing in Rows 10 and 85 of Exhibit 1) do not cure the deficiencies in Yamashita's claims, because the PAC does not allege which, if any, license limitations Scholastic breached by including those images in those publications. *See* J.A. at 310, ¶ 15 (stating merely that, "[a]fter receiving

18

limited licenses from Corbis, Scholastic copied Yamashita's Photographs in at least the Scholastic publications shown in Exhibits 2 – 4"). Contrary to Yamashita's view, his ability to plead a plausible infringement claim as to a *single* image (in Row 80) does not render his claim plausible as to all the images shown in the other 118 rows in Exhibit 1, absent plausible allegations of a connection between Scholastic's license for and use of the Row-80 image and its license for and use of the other images, or plausible, nonconclusory allegations of a pattern and practice of under-licensing and over-use.

For these reasons, we identify no legal error in the District Court's decision to reject as futile Yamashita's effort to amend this claim.

## CONCLUSION

For the reasons set forth above and in the summary order that accompanies this opinion, the District Court's judgment is **AFFIRMED**.